24-2259-ag
*Tenemaza v. Bondi*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

Present:

> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

ANGEL EDUARDO FERNANDEZ TENEMAZA,
ROSA DEIFILIA FERNANDEZ,

>   *Petitioners*,

>   v.   24-2259-ag

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

>   *Respondent*.

_____

| | |
|---|---|
| For Petitioners: | Steven Haskos, Relles Law, PLLC, White Plains, NY. |
| For Respondent: | Brett A. Shumate, Assistant Attorney General; Julie M. Iverson, Senior Litigation Counsel, Office of Immigration Litigation; Kathyrn McKinney Attorney, Office of Immigration Litigation, |

1

Washington, DC.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals decision is **DENIED.**

Petitioners Angel Eduardo Fernandez Tenemaza and Rosa Deifilia Fernandez ("the Fernandezes"), natives and citizens of Ecuador, seek review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying their applications for cancellation of removal. *In re Fernandez Tenemaza*, Nos. A206-302-548/549 (B.I.A. Aug. 1, 2024), *aff'g* Nos. A206-302-548/549 (Immigr. Ct. N.Y. City Feb. 28, 2019). The IJ found that the Fernandezes' testimony lacked the detail and specificity needed to establish that their removal to Ecuador would cause exceptional and extremely unusual hardship to their two U.S. citizen children, and that the Fernandezes failed to provide corroborating evidence to make up that gap. For example, the Fernandezes testified that family and friends who returned to Ecuador eventually sent their children back to the United States due to safety concerns and poor country conditions, but they were unable to provide any details about these friends or to explain why they did not obtain letters or statements from them confirming these conditions. Similarly, the Fernandezes failed to provide country reports or news articles that might have corroborated the conditions relayed to the Fernandezes by their friends. Ultimately, considering the hardship evidence presented by the Fernandezes in the aggregate, the IJ held that the Fernandezes failed to meet their burden. The BIA affirmed the IJ's holding that the Fernandezes failed to meet their burden of establishing that their removal would cause exceptional and extremely unusual hardship to their children on the grounds that corroborating evidence was needed but lacking. We assume the parties' familiarity with the case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).[1] Our jurisdiction to review the denial of an application for cancellation of removal is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), including "the application of a legal standard to undisputed or established facts," *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We review pure questions of law *de novo*. *See Castellanos-Ventura v. Garland*, 118 F.4th 250, 253 (2d Cir. 2024). The agency's ultimate hardship determination is a mixed question of law and fact that we review for clear error. *See Toalombo Yanez v. Bondi*, 140 F.4th 35, 43 (2d Cir. 2025).

An applicant bears the burden to establish statutory eligibility for cancellation of removal, 8 U.S.C. § 1229a(c)(4)(A)(i), by showing, as relevant here, "that removal would result in exceptional and extremely unusual hardship to the [applicant's] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence," *id.* § 1229b(b)(1)(D). Exceptional and extremely unusual hardship is "hardship that is substantially different from or beyond that which would ordinarily be expected to result from . . . removal." *Wilkinson*, 601 U.S. at 215.

When assessing whether an applicant has set forth sufficient facts to meet this burden under 8 U.S.C. § 1229a(c)(4)(A)(i), an immigration judge assesses whether the applicant's "testimony is credible, is persuasive, and refers to specific facts," and weighs any credible testimony "along with other evidence of record." 8 U.S.C. § 1229a(c)(4)(B). "Where the [IJ] determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* "An IJ may deny a claim for relief based on the applicant's failure to provide reasonably obtainable corroborating evidence." *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022) (addressing identical burden provision in asylum statute).

To begin, the Fernandezes argue that the IJ failed to consider all of the hardship evidence they presented, either individually or in the aggregate. But the IJ's decision identified all of the evidence by reference to exhibit number and explicitly stated that he had considered all of it. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). The evidence the Fernandezes claim the IJ ignored—a psychoemotional report relaying what they said about conditions in Ecuador, letters of support from acquaintances in the United States, tax returns, and medical records—does not dictate a contrary outcome because it did not include objective evidence of conditions in Ecuador as needed to corroborate the Fernandezes' general allegations or beliefs about those conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (explaining that the agency has a "duty explicitly to consider relevant evidence" but need not "expressly parse or refute on the record each individual argument or piece of evidence").

Next, the Fernandezes challenge the IJ's decision to preclude testimony from two witnesses, due to defects in the witness list submitted by the Fernandezes' lawyer and a stipulation that they would have testified consistently with their written statements. The Government objects that the Fernandezes failed to raise this argument before the BIA, and that the BIA did not address it. We agree that the Fernandezes failed to exhaust this argument before the agency, and so

4

conclude that they cannot now raise it as a basis for overturning the agency's decision. *See Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (explaining that exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it"); *see also Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Finally, the Fernandezes do not dispute the BIA's dispositive finding that corroboration evidence was reasonably obtainable. They do not argue that the potentially corroborating evidence identified by the IJ—such as letters from friends and family in Ecuador, country reports, and news articles—was not reasonably available to them or that there was good cause for not presenting it. *See Pinel-Gomez*, 52 F.4th at 529. Because the Fernandezes do not challenge the BIA's holding in this respect, we deem any argument to the contrary abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023). In any event, even if this argument were not abandoned, we would conclude that the BIA did not err in affirming the IJ's decision based on the lack of corroborating evidence, which forms an independent basis for denying relief. *See Pinel-Gomez*, 52 F.4th at 529.

We have considered the Fernandezes' remaining arguments and find them unpersuasive. For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and all stays are **VACATED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5